United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J WASHINGTON, <br> Plaintiff, <br> v. <br> M ATCHLEY, et al., <br> Defendants. | Case No. 21-cv-01584-JD <br><br> **ORDER REOPENING CASE AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This case was recently dismissed without prejudice for plaintiff's failure to file an application to proceed in forma pauperis or pay the filing fee. Plaintiff has filed a motion to proceed in forma pauperis that the Court has granted in a separate order. The case is reopened, and the Court will review the complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff seeks relief regarding two separate incidents where he slipped and fell. Case law is clear that a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment. *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996). Claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *see, e.g.*, *McLaughlin v. Farries*, No. 03-60771, 2004 WL 2030365 (5th Cir. Sept. 13, 2004) (per curiam) (unpublished opinion) (concluding that prisoner's slip and fall on accumulated water from leaky air conditioning unit, which the defendants knew about and failed to clean up was an appropriate action for negligence, but not deliberate indifference); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that although prisoner complained for two months about accumulated water in the shower, and finally sustained injuries from the slippery floor, "while the standing-water problem was a

2

potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large" and is not a sufficiently serious risk of constitutional dimension); *Collier v. Garcia*, No. 17-5841, 2018 WL659014, *2 (N.D. Cal. Jan. 31, 2018) (dismissing complaint for failure to state a claim when plaintiff slipped and fell even after asking defendants to fix a leak which resulted in a puddle of water in plaintiff's cell); *Wallace v. Haythorne*, No. 06-1697 MCE GGH P, 2007 WL 3010755, at *2-*4 (E.D. Cal. Oct. 15, 2007) (finding no Eighth Amendment violation when prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants were aware that a non-prisoner employee had previously tripped on one of the holes), *aff'd by* No. 07-17364, 2009 WL 2015051 (9th Cir. July 2, 2009) (unpublished memorandum disposition).

To state a cognizable claim for relief, there must be a confluence of conditions such that the flooded cell posed a serious, unavoidable threat to plaintiff's safety and defendants knew of this substantial risk. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions); *Osolinski*, 92 F.3d at 938 (a single, minor safety hazard does not violate the Eighth Amendment but allegations of conditions which "exacerbate[ ] the inherent dangerousness of already-existing hazards" or "render[] [an inmate] unable to provide for his own safety" are sufficient to state a cognizable claim for relief (internal quotations, brackets and citation omitted)).

Plaintiff was working in the kitchen collecting trays when other workers were draining a pan of chicken grease and spilled a puddle of grease in his path. Plaintiff was holding a pile of trays and slipped in the grease injuring his knee, back and neck. A few weeks later plaintiff was returning from medical treatment using a walker, when he entered a building and noticed the floor was covered with wastewater from overflowing toilets. While attempting to reach his cell, plaintiff slipped and fell injuring his head and back. Plaintiff alleges there were no wet floor signs, and staff did not warn him of danger. Plaintiff also alleges that there were plumbing issues for many years.

3

The complaint is dismissed with leave to amend. Plaintiff must identify specific defendants and describe how they violated his constitutional rights. He must also present additional allegations in light of the legal standards above. To state a claim, plaintiff must show that there was a confluence of exacerbating conditions that posed a serious, unavoidable threat to plaintiff's safety and the defendants knew of this substantial risk. To the extent plaintiff seeks relief regarding his inmate appeals any such claim is dismissed. There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

## CONCLUSION

1. Plaintiff's request to continue with this case is granted and the case is **REOPENED**.

2. The complaint is **DISMISSED** with leave to amend. An amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 1, 2021

JAMES DONATO
United States District Judge